IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES *ex rel.*, and<br>NANCY REUILLE, | ) ) ) | |
| Relator, | ) ) | Case No. 1:09-CV-07 |
| v. | ) ) | |
| COMMUNITY HEALTH SYSTEMS<br>PROFESSIONAL SERVICES<br>CORPORATION, and LUTHERAN<br>MUSCULOSSKELETAL CENTER,<br>LLC, d/b/a LUTHERAN HOSPITAL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court on the Government's Application to Transfer or In the Alternative for an Extension of the Stay filed on October 19, 2011.[1]  (Docket # 38.)  While Defendants consent to a 90-day extension of the stay, they oppose the application to transfer and filed their Response on October 24, 2011.  (Docket # 40.)  The Government filed its Reply on October 31, 2011.  (Docket # 41.)  As such, the application is now ripe for ruling.  For the following reasons, the Court will DENY the Government's Application to Transfer, but GRANT the alternative Motion for an Extension of the Stay for 180 days.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2009, Relator Nancy Reuille filed this *qui tam* suit against Defendants

---

[1]Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A).  *See Capstone Int'l, Inc. v. Univentures, Inc.*, No. 3:10-CV-416 JD, 2011 WL 4529372, at *2 (N.D. Ind. Sept. 28, 2011).

Community Health Systems Professional Services ("CHSPSC") and Lutheran Hospital alleging that they violated several provisions of 31 U.S.C. § 3729, *et seq.*, the False Claims Act, by improperly billing the United States, via Medicare, for certain patients unnecessarily placed in "observation" or admitted to the hospital for inpatient treatment and by wrongfully discharging Relator in retaliation for protected activity. (Compl. Counts I & II.) The case was filed under seal to allow the Government to conduct an investigation into the allegations and decide whether to intervene. (Appl. to Transfer ¶ 2.) On December 27, 2010, the Government filed a Notice of Election to Decline Intervention. (Docket # 17.) After filing this notice, however, the Government claims that it learned of significant overlap between certain allegations made in this case and allegations of improper billing at CHSPSC hospitals in other jurisdictions that caused it to reconsider its decision not to intervene. (Appl. to Transfer ¶ 3.) On April 22, 2011, Relator and the Government filed a Joint Motion to Stay the Case and Extend the Time to Serve Defendants (Docket # 30), which the Court granted until October 19, 2011 (Docket # 33).

On October 19, 2011, the Government filed the present application to transfer the case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to extend the stay for 180 days. (Docket # 38.) Relator does not oppose either the application to transfer or an extension of the stay. (Appl. to Transfer ¶ 7.) Although Defendants do not agree, and, in fact, oppose any transfer, they do consent to an extension of the stay for 90 days. (Appl. to Transfer ¶ 8.)

The Government seeks a transfer to the Middle District of Tennessee based on convenience, as CHSPSC is headquartered there and the Government expects many of CHSPSC's relevant witnesses, documents, and other evidence to be in that district, and because,

according to the Government, this matter has become part of a nationwide investigation regarding improper billing in CHSPSC hospitals. (Appl. to Transfer ¶ 13.)

In their Response, Defendants argue that the case should not be transferred because, while the Middle District of Tennessee may be a more convenient venue for the Government, the Government is not currently a litigant in the case. (Defs.' Resp. 1-2.) Furthermore, Defendants assert that all of the activity identified in the Complaint, such as improper billing and the Relator's retaliation claim, occurred at Lutheran Hospital in Indiana. (Defs.' Resp. 2.) Defendants also oppose the transfer because the Government has failed to explain the specific conduct being examined by its national investigation or provide specifics regarding the documents, witnesses, and evidence that supposedly warrant transfer. (Defs.' Resp. ¶ 4.)

In its brief Reply, the Government asserts that it cannot provide specific information without compromising its investigation or running afoul of 31 U.S.C. § 3730(b). (Reply ¶ 1.) Alternatively, the United States reiterates its request for an 180-day extension of the stay, arguing that 90 days would be insufficient to enable it to reach an intervention decision. (Reply ¶ 2.)

### III.  DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  28 U.S.C. § 1404(a).  This section gives a district court broad discretion to conduct an individualized, case-by-case consideration of convenience and fairness.  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Illumination*

*Mgmt. Solutions, Inc. v. Ruud*, No. 10-C-01120, 2011 WL 4356509, at *3 (E.D. Wis. Sept. 16, 2011) (citing same).

A party seeking to transfer venue under 28 U.S.C. § 1404(a) must show that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Advance Prod., Inc. v. SFI of Tenn., LLC*, No. 2:11 cv 113, 2011 WL 3751645, at *2 (N.D. Ind. Aug. 23, 2011). The moving party bears the burden of establishing that the transferee court is clearly more convenient than the transferor court. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Mills Inv., LLC*, No. 11 C 3297, 2011 WL 4901322, at *2 (N.D. Ill. Oct. 14, 2011); *Wabash Valley Feed & Grain, LLC v. Hust*, No. 3:11-cv-00014-SEB-WGH, 2011 WL 3902780, at *9 (S.D. Ind. Sept. 6, 2011); *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002).

In the instant case, the Government has not yet decided to intervene and, therefore, is not even a party to this lawsuit. Moreover, as the movant, the Government bears the burden of establishing that the Middle District of Tennessee "is not just *more* convenient" but "*clearly* more convenient" than the Northern District of Indiana. *Wabash Valley Feed & Grain, LLC*, 2011 WL 3902780, at *9 (emphasis in original). The Government, however, has failed to meet that burden because it has not provided any specifics regarding the basis for the transfer, besides mere assertions that many of the CHSPSC witnesses, documents, and other evidence are expected to be in that district and that "[it] expects that the Middle District of Tennessee is more convenient to the parties than the Northern District of Indiana." (Appl. to Transfer ¶ 13.)

Looking at one factor in particular, "the court gives great weight to the convenience of

witnesses when deciding whether to transfer venue," which requires the movant to "demonstrate precisely who the witnesses are and why they are important so the court may afford the appropriate weight to this factor." *Advance Prod., Inc.*, 2011 WL 3751645, at *2. Accordingly, the movant cannot simply state that a number of witnesses reside in or near the transferee forum without identifying the witnesses and their proposed testimony. *Id.* Here, the Government fails to identify a single witness, let alone their proposed testimony, as needed to meet its burden that litigating in Tennessee is clearly more convenient for witnesses than litigating in Indiana. *See Cent. States, Se. & Sw. Areas Pension Fund*, 2011 WL 4901322, at *3. The Government has resisted giving such specifics—including, apparently, doing so *in camera*—on the grounds that it would hinder the investigation and possibly violate 31 U.S.C. § 3730(b). (Reply ¶ 1.) Regardless of these assertions, the record does not support a transfer, and actually suggests the opposite, particularly if the Government ultimately chooses not to intervene in the lawsuit. As the Government has failed to meet its burden of showing that the Middle District of Tennessee is *clearly* more convenient than the Northern District of Indiana, *Wabash Valley Feed & Grain, LLC*, 2011 WL 3902780, at *9, the Court will deny the Application to Transfer.

As regards the Government's alternative motion to extend the stay for 180 days, Defendants consent to a stay of only 90 days, but provide no real basis for their opposition to an 180-day extension, stating only that "an additional 90 days is reasonable to allow the Government to conduct further investigation regarding whether to intervene." (Defs.' Resp. 1.) To avoid a further request for an extension of the stay in 90 days, the Court will grant the Government's alternative motion to extend the stay for the full 180 days requested, thereby conserving judicial resources and promoting judicial economy.

## IV.  CONCLUSION

For the foregoing reasons, the Government's Application to Transfer (Docket # 38) is

DENIED.  The Government's Alternative Motion for an Extension of the Stay (Docket # 38) is

GRANTED for 180 days.  This litigation is STAYED until April 30, 2012.

SO ORDERED.

Entered this 1st day of November, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge